WILL LOVELL v. THE STATE.

No. 16163. Delivered December 13, 1933.
Reported in 66 S. W. (2d) 316.

16

The opinion states the case.

*E. B. Lewis,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

Beeman Lovell, hereinafter referred to as Beeman, lived with his father, appellant herein, who stands convicted of selling a pint of whisky to Dolf Willifred, hereinafter referred to as W, on February 26, 1933. Ross and W were state witnesses. Ross swore that on the morning of February 26th W asked him if he wanted a drink, and he said yes, and W asked him if he had 15 cents, and witness said yes and handed 15 cents to W, and they then went to appellant's home. W went in, and in a few moments witness entered. W handed him a pint bottle of whisky and witness took a drink of it. Appellant was in the house shaving himself when witness went in. Witness did not see appellant doing anything else on said occasion, and did not claim to have seen him have anything to do at all with the sale of any whisky. On cross-examination this witness admitted that he had made and sworn to a written statement, in effect, that when W asked him to go get the whisky W told him the whisky belonged to him. He affirmed also that what was in said written statement was true.

W was the next state witness. He swore that he and Beeman went to a dance on the night of February 25th. They had an agreement to share equally the expenses, including gas, oil and whisky. They bought gas, oil and two pints of whisky for which Beeman paid. W lacked 65 cents of having enough to meet his half of the total expenses, and told Beeman to leave one of the pints of whisky at appellant's home where Beeman lived, and he, witness, would come for it the next day and bring the 65 cents. Beeman agreed to this and told witness to leave the money with appellant. W testified that the next morning he lacked 15 cents of having said 65 cents and got the remainder from Ross, agreeing to give him therefor a drink of whisky; also that he and Ross went to appellant's home and found

Beeman away. Appellant was shaving. He asked appellant if Beeman left the pint of whisky belonging to witness which they had bought the night before. He testified that appellant did not stop shaving but pointed it out behind a pitcher. Witness got the whisky and laid down 65 cents and told appellant that was what he owed Beeman. W affirmed that neither he nor Ross bought any whisky from appellant on said occasion, but that the pint of whisky he got at appellant's house was bought by him and Beeman the night before. Beeman, testifying for the defense, corroborated W as to the fact that they bought the whisky from a party at the dance the night before, and that he was not at home when Ross and W came for the whisky the next morning, but had told his father that W owed him 65 cents and would bring it, and that a bottle of whisky for W was sitting behind the pitcher, and asked appellant to tell W. Save certain testimony not material, the above is the case.

We think it not sufficient to make out a case against appellant. The fact that he pointed out the whisky sitting behind the pitcher, and was present when W laid down the 65 cents, or "pitched the 65 cents down," and said that was the amount he owed Beeman, was not enough to make appellant guilty of selling intoxicating liquor, either as acting alone in the sale or as a co-principal with Beeman. The jury may have believed that the story of W and Beeman was untrue, which is within their province, but both wholly exculpate this appellant, and without their testimony there is no case against him. No man can be convicted of crime without testimony enough to reasonably show his guilt.

For the reasons set out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*